THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. LARRY MORRIS<br>3255 County Road 29<br>Bellefontaine, OH 43311 | :<br>:<br>:<br>: | |
| Plaintiff, | : | Case No. 2:18-cv-00543 |
| | : | |
| v. | : | JUDGE |
| | : | |
| MARY RUTAN HOSTPIAL<br>205 Palmer Avenue | :<br>: | MAGISTRATE JUDGE |
| Bellefontaine, OH 43311 | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendant. | | |

## COMPLAINT

Plaintiff Dr. Larry Morris ("Plaintiff"), for his Complaint against Defendant Mary Rutan Hospital ("Defendant"), hereby states as follows:

## PARTIES

1. Plaintiff is a resident of Logan County, Ohio.

2. Plaintiff brings this action to redress injuries committed against him as a result of Defendant's actions.

3. Defendant is a Corporation registered to do business in the State of Ohio and conducts substantial business in the Southern District of Ohio.

4. Plaintiff was an "employee" as defined in Chapter 4112 of the Ohio Revised Code and Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA").

5. Defendant is an "employer" as defined in Chapter 4112 of the Ohio Revised Code Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA").

1

6. Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and by O.R.C. Chapter 4112.

7. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112"), Ohio common law, and 28 U.S.C. §1331.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction

9. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

10. This Complaint is being timely filed within 90 days of Plaintiff's receipt of Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.  (See, Notice of Right to Sue, attached hereto as Exhibit A.)

## FACTS

11. Plaintiff's date of birth is May 29, 1943. At all times relevant herein, Plaintiff was over the age of forty (40).

12. At all times relevant herein, Plaintiff was a practicing physician, licensed by the State of Ohio.

13. Plaintiff began his employment with Defendant on or around August of 2009.

14. On or around April 1, 2017, Defendant entered into an employment contract with Plaintiff. (hereinafter, "Agreement").

15. At all times relevant herein, Plaintiff was employed by Defendant as a General Surgeon.

16. The term of the Agreement was scheduled to commence on April 1, 2017 and continue until March 31, 2018.

17. The contract identifies specific terms by which the Agreement may be terminated.

18. Throughout his employment, Plaintiff performed various surgical procedures for Defendant's Surgery Department.

19. Throughout Plaintiff's employment with Defendant, he had never received any disciplinary action or negative performance evaluations.

20. In or around March of 2017, Plaintiff was performing surgery on a patient.

21. Plaintiff experienced an adverse outcome with said patient.

22. Defendant then informed Plaintiff that he would have to complete certain requirements before he would be permitted to see any additional patients or practice surgery.

23. Specifically, Defendant required Plaintiff to complete: a neuropsychological evaluation, a physical evaluation, and a course on medical record documentation.

24. Defendant also stated that Plaintiff would have to permanently discontinue all colon surgeries, or he would be required to have a proctor present with him for at least 10 lower bowel surgeries.

25. Defendant also stated that Plaintiff would be placed on a six-month probationary period, called a Focused Professional Practice Evaluation.

26. Prior to this matter, Plaintiff had been practicing medicine for 39 years with no complaints regarding his clinical competence, his note-taking, his record keeping, or his psychological well-being.

27. Prior to this matter, Plaintiff had performed approximately 150 colon surgeries during his thirteen-year tenure with Defendant.

28. Defendant targeted Plaintiff and took adverse employment action against him because of his age and because Defendant perceived Plaintiff to be disabled.

29. Specifically, Defendant instructed Plaintiff to submit to a neuropsychological evaluation, without any explanation or reason provided.

30. Defendant instructed Plaintiff to submit to a physical examination, without any explanation or reason provided.

31. Defendant instructed Plaintiff to take a course on medical record documentation.

32. Defendant prohibited Plaintiff from performing any further surgeries unless he completed the arbitrary requirements set forth by Defendant.

33. Other similarly situated employees who have experienced adverse outcomes with patients did not receive the same type of discriminatory treatment as Plaintiff.

34. Plaintiff's monetary compensation was less than younger physicians, who were not within the protected class.

35. Defendant constructively terminated Plaintiff's employment by prohibiting Plaintiff from performing any surgeries or seeing any more patients.

36. Defendant terminated Plaintiff, falsely claiming that Plaintiff and Defendant had mutually agreed to terminate the Agreement, pursuant to Section 4.2(a) of the Agreement.

37. However, Plaintiff never signed a written agreement consenting to termination of the Agreement, as is required in Section 4.2(a) of the Agreement.

38. Accordingly, Defendant terminated Plaintiff in breach of the Agreement.

39. Defendant discriminated against Plaintiff because of his age, and because Defendant perceived him to be disabled.

## COUNT I
### (Age Discrimination – R.C. 4112.02)

40. Plaintiff realleges herein each of the allegations contained in the preceding paragraphs of his Complaint as if fully restated herein.

41. Plaintiff was born on May 29, 1943 and at all times relevant hereto was over forty (40) years of age.

42. In or around May of 2017, Defendant suddenly instructed Plaintiff to submit to physical and psychological evaluations, without any explanation or reason provided.

43. Defendant took adverse employment actions against Plaintiff because of his age.

44. Defendant discriminated against Plaintiff because of his age by paying Plaintiff less in compensation than Defendant's younger employees.

45. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of Chapter 4112.02 of the Ohio Revised Code.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress including shame, humiliation, embarrassment, and mental anguish.

48. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for all legal damages, including back pay, front pay, lost benefits. emotional distress, compensatory damages, attorneys' fees, costs and other relief available under Ohio Revised Code Chapter 4112, including but not limited to punitive damages.

## COUNT II
### (Age Discrimination – ADEA)

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.,* and as amended, for employment discrimination based on age.

51. Plaintiff was born on May 29, 1943 and at all times relevant hereto was over forty (40) years of age.

52. In or around May of 2017, Defendant suddenly instructed Plaintiff to submit to physical and psychological evaluations, without any explanation or reason provided.

53. Defendant took adverse employment actions against Plaintiff because of his age.

54. Defendant discriminated against Plaintiff because of his age by paying Plaintiff less in compensation than Defendant's younger employees.

55. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment.

56. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

57. Defendant willfully discriminated against Plaintiff, in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

58. Defendant discriminated against Plaintiff on the basis of his age when it ordered him to submit to physical and psychological evaluations, by paying Plaintiff less than younger employees, by constructively terminating his employment, and by treating Plaintiff less favorably than younger employees, in violation of the ADEA, entitling Plaintiff to the remedies contained therein, including but not limited to back pay, front pay, lost benefits, liquidated damages, and attorneys' fees and costs.

### COUNT III
### (Breach of Contract)

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. Plaintiff and Defendant entered into a valid contract, specifically, the Employment Agreement attached hereto as "Exhibit B."

61. At all times herein, Plaintiff complied with his performance obligations under the Agreement.

62. Defendant failed to perform one or more of the terms of the Agreement when it terminated Plaintiff in contravention to the Agreement.

63. Defendant premature termination of Plaintiff was a material breach of the contract between Plaintiff and Defendant.

64. As a direct and proximate result of Defendant's breach, Plaintiff suffered compensable damage.

### COUNT IV
### (Bad Faith)

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. Defendant owes Plaintiff a duty to act in good faith and fair dealing that is implied in the contract between Plaintiff and Defendant.

67. Defendant has acted in bad faith by failing to take necessary steps to avoid breach, by imposing unreasonable restrictions on Plaintiff's ability to perform his duties, and by restricting Plaintiff's ability to practice medicine.

68. Defendant's actions and omissions have been undertaken intentionally, willfully, maliciously, and with reckless disregard for Plaintiff's rights.

69. As a proximate cause of Defendant's actions and omissions, Plaintiff has suffered pecuniary and economic loss and severe emotional distress.

## COUNT V
### (Perceived Disability Discrimination – Americans with Disabilities Act)

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

72. Plaintiff is an otherwise qualified individual.

73. Defendant regarded Plaintiff as a disabled individual.

74. Defendant discriminated against Plaintiff because of a perceived disability by taking the following non-exhaustive list of actions: requiring Plaintiff to submit to neuropsychological and physical evaluations, prohibiting Plaintiff from conducting any surgeries, terminating his employment, creating false reasons for his termination, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

75. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress and the loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

76. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

### COUNT VI
**(Perceived Disability Discrimination – Ohio Revised Code §4112.02)**

77. All of the preceding paragraphs are realleged as if fully rewritten herein.

78. At all times material herein, Plaintiff suffered from an impairment and/or perceived impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

79. At all times material herein, Plaintiff was a qualified individual with a perceived impairment within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

80. Defendant regarded Plaintiff as having an impairment.

81. Defendant discriminated against Plaintiff because of his perceived disability by taking the following non-exhaustive list of actions: requiring Plaintiff to submit to neuropsychological and physical evaluations, prohibiting Plaintiff from conducting any surgeries, terminating his employment, creating false reasons for his termination, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

82. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress and the loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

83. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands back pay, front pay, and benefits in an amount to be determined at trial, but in any event not less than $450,000.00, in compensatory damages, liquidated damages, punitive damages, emotional distress damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Peter G. Friedmann
Peter G. Friedmann (0089293)
(*Pete@TFFLegal.com*)
Rachel A. Sabo (0089226)
(*Rachel@TFFLegal.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9757 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Peter G. Friedmann
Peter G. Friedmann (0089293)