# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LARRY MORRIS,**

    **Plaintiff,**

                      Civil Action 2:18-cv-00543
                      Judge George C. Smith
    v.                      Magistrate Judge Elizabeth P. Deavers

**MARY RUTAN HOSPITAL,**

    **Defendant.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Second Amended Complaint and Motion to Stay Defendant's Motion to Dismiss, Defendant's Response in Opposition, and Plaintiff's Reply to Response in Opposition. (ECF Nos. 12, 16, 17.) For the following reasons, Plaintiff's Motion is **GRANTED**. (ECF No. 12.)

### I.

Plaintiff filed his original Complaint on June 4, 2018. (ECF No. 1.) On July 6, 2018, Plaintiff filed an Amended Complaint. (ECF No. 8.) Defendant filed its Answer as to Counts I and II of the Amended Complaint and a Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint on July 31, 2018. (ECF Nos. 10 & 11.) Plaintiff filed his Motion for Leave to File Second Amended Complaint and Motion to Stay Defendant's Motion to Dismiss on August 8, 2018, to which he attached his proposed Second Amended Complaint. (ECF No. 12-A.) Defendant's chief argument in opposition to Plaintiff's motion is that the claims he seeks to assert are futile, *i.e.*, fail to state claims for relief.

## II.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the principle of trying cases on their merits, rather than on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) and *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).

Courts consider several factors in determining whether a party should be permitted leave to amend a pleading, including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

## III.

Having considered these factors, the Court concludes that justice requires Plaintiff be permitted leave to amend. Defendant's stated reason for opposing the amendments is that they would be futile. The Court declines to resolve this question here because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim." *Durthaler v. Accounts Receivable Mgmt., Inc.*,

No. 2:10-CV-1068, 2011 WL 5008552, at *4 (S.D. Oct. 20, 2011). This Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on the merits of a claim in a motion for leave to amend. *See, e.g., id.* (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

Considering this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to file his Second Amended Complaint with the understanding that Defendant is free to challenge the amended claims against it through a new motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

**IV.**

For the reasons set forth above, Plaintiff's motion is **GRANTED**. (ECF No. 12.) The Clerk is **DIRECTED** to file the Second Amended Complaint, attached to the Motion as Exhibit 1. (ECF No. 12-1.) Consequently, Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint is **DENIED AS MOOT**. (ECF No. 11.)

**IT IS SO ORDERED.**

Date: September 18, 2018      /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE