**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**DR. LARRY MORRIS,**

       **Plaintiff,**

    **v.**
                                     **Case No. 2:18-cv-543**
                                          **JUDGE GEORGE C. SMITH**
                                          **Magistrate Judge Deavers**

**MARY RUTAN HOSPITAL,**

       **Defendant.**



**OPINION AND ORDER**

       This matter is before the Court upon Defendant Mary Rutan Hospital's Motion to Dismiss Counts III, IV, VI, and VII of Plaintiff's Second Amended Complaint ("MRH's Partial Motion to Dismiss") (Doc. 20). Plaintiff Dr. Larry Morris filed a Response in Opposition (Doc. 22). MRH has not filed a reply brief and the time to do so has now expired. For the following reasons, MRH's Partial Motion to Dismiss is **GRANTED**.

**I.      BACKGROUND**

       As set forth in his Second Amended Complaint (Doc. 19), Morris alleges that he was employed by MRH as a general surgeon beginning in August 2009. (*Id.* ¶¶ 14–15). At some point, Morris entered into an employment agreement with MRH, effective beginning April 1, 2017, for an initial term of one year, subject to additional one-year renewal terms unless either party elected to provide notice of termination. (*Id.* ¶ 14; Doc. 12-3, Employment Agreement § 4.1). Morris provided surgical services for MRH without incident until, prior to the effective date of the

employment agreement, Morris "experienced an adverse outcome" with a patient in March 2017. (Doc. 19, 2d Am. Compl., ¶¶ 19–21).

Following this adverse outcome, MRH informed Morris that he would have to complete a neuropsychological evaluation, a physical examination, and a course on medical record documentation before he would be permitted to see any additional patients or practice surgery. (*Id.* ¶¶ 22–23). MRH also stated that Morris would either have to permanently discontinue all colon surgeries or have a proctor present with him for at least 10 lower bowel surgeries. (*Id.* ¶ 33). MRH further stated that Morris would be placed on a six-month probationary period. (*Id.* ¶ 34).

Morris alleges that MRH "targeted [him] and took adverse employment action against him because of his age and because [MRH] perceived [him] to be disabled." (*Id.* ¶ 37). Specifically, Morris contends that "[MRH] required [Morris] to complete a neuropsychological evaluation because [MRH] mistakenly believed [Morris] had a neuropsychological disorder" and "perceived [Morris] to be unable to perform the essential functions of his position because of such perceived disorder." (*Id.* ¶¶ 27, 49). Morris also alleges MRH instructed him to submit to a neuropsychological evaluation and a physical examination, "without any explanation or reason provided." (*Id.* ¶¶ 38–39).

Finally, Morris alleges that MRH constructively terminated his employment by prohibiting Morris from seeing any more patients or performing more surgeries. (*Id.* ¶ 44). MRH also allegedly terminated Morris's employment by falsely claiming that Morris and MRH had mutually agreed to terminate the employment agreement pursuant to § 4.2(a) of the agreement, when Morris had not signed a written agreement consenting to termination as required by § 4.2(a). (*Id.* ¶¶ 45–46).

Morris submitted a charge of discrimination based on age and perceived disability to the Equal Employment Opportunity Commission ("EEOC") on August 28, 2017. On March 20, 2018, Morris was issued a Notice of Right to Sue stating that the EEOC was terminating its processing of Morris's charge. (Doc. 12-2, Notice of Right to Sue). Morris timely commenced this action on June 4, 2018. (Doc. 1, Compl.). His Second Amended Complaint contains seven counts: age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") (Count I); breach of contract (Count II); perceived disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") (Count III); perceived disability discrimination under Ohio Revised Code § 4112.02 (Count IV); requiring that Morris undergo unlawful medical examinations in violation of the ADA (Count V); retaliation for engaging in activity protected by the ADA (Count VI); and retaliation for engaging in activity protected by Ohio Revised Code Chapter 4112 (Count VII).

In the present motion, MRH has moved to dismiss Morris's claims for perceived disability discrimination and retaliation in Counts III, IV, VI, and VII. (Doc. 20). MRH does not challenge the remaining claims.

## II.    STANDARD OF REVIEW

MRH brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

Morris brings his perceived disability and retaliation claims under both the ADA and Ohio Revised Code § 4112.02. Courts have consistently held that Ohio's disability discrimination law "entails the same legal analysis as that under the ADA." *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012). Courts therefore "apply the same analytical framework, using cases and regulations interpreting the ADA as guidance" in interpreting the disability-related provisions of Chapter 4112. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (citing *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 450 (6th Cir. 2007) and *City of Columbus Civil Serv. Comm'n v. McGlone,* 697 N.E.2d 204, 206–07 (Ohio 1998)). As a result, although the

analysis below focuses on Morris's ADA claims, the results apply equally to Morris's claims under

Chapter 4112. *Daugherty*, 544 F.3d at 702.

**A.      Perceived disability discrimination**

In order to state a claim for disability discrimination under the ADA, Morris must allege

that he is "disabled." *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir.

2008).   An individual is considered disabled under the ADA if he has (1) a physical or mental

impairment that substantially limits one or more major life activities; (2) a record of such

impairment; or (3) is regarded as having such an impairment. *Id.*; 42 U.S.C. § 12102(1).  Morris

alleges that he qualifies as disabled because MRH mistakenly believed that Morris had a

neuropsychological disorder.  (Doc. 19, 2d Am. Compl. ¶¶ 27, 71, 78).

MRH argues that, to state a claim for perceived disability discrimination (also referred to

as a "regarded-as-disabled" claim), Morris must allege facts sufficient to demonstrate one of the

following:

(1)      That the defendant-employer mistakenly believed that the plaintiff had a physical
         impairment that substantially limited one or more major life activities; or

(2)      That the defendant-employer mistakenly believed that the plaintiff had an actual,
         nonlimiting impairment that substantially limited one or more major life activities.

(Doc. 20-1, Mot. at 3, citing *Moore v. Baptist Mem'l Health Care Sys.,* 398 F.3d 469, 479 (6th Cir.

2005) and *Columbus Civil Serv. Comm. v. McGlone,* 82 Ohio St.3d 569 (1998)).  However, the

case law that MRH relies on for this requirement pre-dates the 2008 amendments to the ADA that

reduced the burden on plaintiffs to establish disability in regarded-as-disabled claims:

> Before the 2008 Amendments, the Supreme Court interpreted the ADA to consider
> a person disabled under the third prong only if a covered entity mistakenly believed
> that the individual had a physical impairment that was substantially limiting, or
> mistakenly believed that an actual, nonlimiting impairment was substantially
> limiting. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489, 119 S.Ct. 2139, 144
> L.Ed.2d 450 (1999), *overturned* by U.S. Pub. L. 110–325 (2009).  In passing the
> 2008 Amendments, Congress liberalized the standard, redefining "regarded as

having an impairment" only to require that a defendant took a prohibited action based on a perceived impairment, *regardless of whether the employer thought the impairment was substantially limiting*. 42 U.S.C. § 12102(3)(A).

*Neely v. Benchmark Family Servs.*, 640 F. App'x 429, 435–36 (6th Cir. 2016) (emphasis added).

Thus, although Morris did allege that MRH "regarded [Morris] as a disabled individual by mistakenly believing that [Morris] had a neuropsychological disorder that substantially limited his ability to work" (Doc. 19, 2d Am. Compl. ¶¶ 71, 78), Morris need not factually support the allegation that he was regarded as being substantially limited to state a regarded-as-disabled claim.

However, Morris must still allege facts sufficient to raise a plausible inference that MRH regarded him as having an impairment, even if the perceived impairment is not severe enough to substantially limit a major life activity. The only pertinent alleged fact is that MRH required Morris to undergo a neuropsychological evaluation. (*Id.* ¶¶ 23–24). Morris contends this fact alone is sufficient to establish that MRH regarded him as disabled. (*See* Doc. 22, Resp. at 6–7) ("The only reason Defendant would suddenly require reports of Plaintiff's various medical evaluations would be to determine the extent of a perceived medical condition or disability.").

Morris's conclusion is not warranted by the alleged facts. The Sixth Circuit has held that an employer's request that an employee to undergo a medical or psychological evaluation is not sufficient to establish that the employer regarded the employee as disabled. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir. 1999); *Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 494 (6th Cir. 2017) ("Asking him to undergo a psychological evaluation is not enough to suggest that Home Depot regarded Krueger as mentally disabled."). "Given that an employer needs to be able to determine the cause of an employee's aberrant behavior, this is not enough to suggest that the employee is regarded as mentally disabled. As the district court ably explained, a defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled." *Sullivan*, 197 F.3d at 810.

6

Under *Sullivan* and *Krueger*, the request cannot by itself establish that MRH regarded Morris as disabled, and Morris has alleged no other facts to support MRH's perception of him as disabled. Morris's claims for perceived disability in Counts III and IV must therefore be dismissed.

**B.      Retaliation**

The ADA also prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter . . . ." 42 U.S.C. § 12203(a). A prima facie case of retaliation requires a showing that (1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014).

These elements are derived from the burden-shifting framework of *McDonnell Douglas Corp. v. Green* that a plaintiff may use to offer circumstantial evidence of discrimination in the absence of direct evidence. 411 U.S. 792 (1973). However, the Supreme Court has made it clear that a plaintiff need not plead all the elements of the *McDonnell Douglas* prima facie case in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement."). Rather, "so long as a complaint provides an adequate factual basis for [an ADA] claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). Moreover, *Swierkiewicz* remains good law after the Supreme Court's decisions in *Twombly* and *Iqbal*. *Keys v. Humana, Inc.,* 684 F.3d 605, 609 (6th Cir. 2012).

MRH argues that the Second Amended Complaint lacks allegations that Morris "opposed" any relevant act or practice, and therefore he has not alleged that he engaged in activity protected

by the ADA. Morris disagrees, stating that he alleged in Count V that MRH required him to undergo physical and neuropsychological testing that were not job-related or consistent with business necessity, which is itself a violation of the ADA, and MRH does not challenge Count V in the present motion. *See* 42 U.S.C. § 12112(d)(4)(A). Morris further argues that the retaliation counts "allege that [MRH] retaliated against [Morris] for refusing to submit to the unlawful medical examinations." (Doc. 22, Resp. at 9). The problem with this argument is that there are no factual allegations in the Second Amended Complaint that Morris refused to undergo the testing requested by MRH. There is one lone statement, repeated in each of Counts VI and VII, that "[Morris] engaged in protected activity when he opposed the unlawful medical exam(s) and report(s) ordered by [MRH]." (Doc. 19, 2d Am. Compl. ¶¶ 92, 99). But this statement merely recites an element of the retaliation claim; it does not provide any factual allegations to support his alleged opposition.

Morris further argues that he "need not allege any additional facts" because he "simply cannot allege detailed facts in order to establish an inaction." (Doc. 22, Resp. at 9). This is not so; if Morris "refused" to submit to the examinations as he states in his opposition brief, Morris should be able to describe that refusal with factual allegations. For instance, Morris might have told representatives of MRH verbally or in writing that he would not comply with the examinations, or Morris might have failed to appear at or cooperate with a scheduled examination.

Morris's bare opposition allegation "gets the [Second Amended Complaint] close to stating a claim, but without further factual enhancement it stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 546. If additional facts as to Morris's opposition exist, there is no reason why they could not have been included in his Second Amended Complaint, especially after two prior opportunities to amend his allegations. And if additional facts do not exist, then

Morris will be unable to demonstrate that he opposed any practice made unlawful by the ADA.

Therefore, Morris's retaliation claims in Counts VI and VII are dismissed.[1]

## IV.    CONCLUSION

For the foregoing reasons, MRH's Motion to Dismiss Counts III, IV, VI, and VII of Plaintiff's Second Amended Complaint is **GRANTED**.  The Clerk shall remove Document 20 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Because the Court finds Morris has not sufficiently alleged a retaliation claim in the Second Amended Complaint, the Court need not and does not resolve MRH's argument that Morris failed to exhaust administrative remedies with respect to his federal retaliation claim.